UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINICIO TAVERAS<br><br>      Plaintiff,<br><br>-against-<br><br>ADMIN RECOVERY, LLC<br><br>      Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

  Plaintiff VINICIO TAVERAS (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through her attorney, Cohen & Mizrahi LLP, against Defendant ADMIN RECOVERY, LLC (hereinafter "Defendant"), individually, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

  1.  Congress enacted § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws… [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

  2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*.; § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of himself seeking redress for Defendant's actions of using misleading, deceptive, unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 *et seq*. of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York and is a "Consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant is a New York corporation with an office located at 45 Earhart Drive, Suite 102, Williamsville, NY 1422, and operates as a collection agency.

10. Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS PARTICULAR TO VINICIO TAVAREZ

12. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

14. Defendant was attempting to collect on Plaintiff's purportedly overdue account with TD Bank N.A. alleged to be in the amount of $3,234.88 (the "Debt").

15. In an effort to begin collecting on the Debt, Defendant sent Plaintiff a debt collection letter, dated March 23, 2018.

16. On or about May 21, 2018, Plaintiff called Defendant to inquire about and dispute the alleged Debt.

17. A representative of Defendant answered the phone and identified herself as Kristen Walker.

18. Plaintiff explained that he disagreed with the balance.

19. Plaintiff thereafter stated that he wanted to dispute the Debt over the phone.

20. However, instead of simply accepting the dispute, Defendant's representative stated that Plaintiff could not dispute the debt over the phone because "disputing with me doesn't mean anything" and that Plaintiff has to send a formal letter of why he wants to dispute this bill.

21. Defendant's representative stated that Plaintiff could not dispute the Debt because Plaintiff's reason for disputing the debt "is not a dispute."

22. Defendant failed/refused to accept and investigate Plaintiff's oral dispute.

23. Based on the foregoing, Defendant violated various provisions of the FDCPA.

**First Count**
**15 U.S.C. §1692e**

**False and Misleading Representations**

24. Plaintiff repeats and realleges the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

25. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of a debt.

26. The FDCPA allows the consumer to orally dispute a debt. See, *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998)(The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time); *Register v. Reiner, Reiner & Bendett, P.C.*, 488 F.Supp.2d 143 (D.Conn. 2007); *Vega v. Credit Bureau Enters.*, No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); *Nasca v. GC Servs. Ltd. P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); *In re Risk Mgmt. Alternatives, Inc.*, Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); *Castro v. ARS Nat'l Servs., Inc.*, No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Ong v. Am. Collections Enter.*, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999).

27. Defendant is required to accept Plaintiff's oral dispute over the telephone. *Hooks v. Forman, Holt, Eliades & Ravin, L.L.C.*, 717 F.3d 282 (2d Cir. 2013); *Abramov v. I.C. Sys., Inc.*, 54 F. Supp. 3d 270 (E.D.N.Y. 2014).

28. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. See, *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001).

29. Defendant failed to accept Plaintiff's oral dispute.

4

30. After Plaintiff disputed the Debt, Defendant continued to assume that Plaintiff's Debt was still valid.

31. Defendant unilaterally denied Plaintiff's oral dispute.

32. Defendant violated § 1692e by not accepting Plaintiff's dispute over the telephone.

33. Defendant further violated § 1692e by requiring a reason for the dispute.

34. Defendant and its employees, intentionally denied Plaintiff her dispute rights afforded to her under the FDCPA.

35. Defendant and its employees wrongfully failed to accept Plaintiff's oral dispute.

36. Defendant and its employees, wrongfully implied to Plaintiff that a dispute needs to be deemed valid in order for it to be considered a dispute.

37. Upon information and belief, Defendant and its employee, by intentionally denying Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

38. As an actual and proximate result of the acts and omissions of Defendant and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff further relief as this Court may deem just and proper.

Dated: Brooklyn, NY                             By: _____
       October 31, 2018                         Daniel C. Cohen, Esq.
                                                Cohen & Mizrahi LLP
                                                300 Cadman Plaza W, 12th floor
                                                Brooklyn, New York 11201
                                                Phone: (929) 575-4175
                                                Fax:   (929) 575-4195
                                                Email: dan@cml.legal
                                                *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                                */s/ Daniel C. Cohen*
                                                Daniel C. Cohen, Esq.

Dated:  Brooklyn, New York
        October 31, 2018